RECEIVED
CHARLOTTE, N.C.
FEB 14 2008
Clerk, U.S. Dist. Court
W. Dist. of N.C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL NO. 3:05V384-K

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **CONSENT JUDGMENT** |
| ) | |
| TWO CHEVROLET C1500 TRUCKS, ) | |
| ) | |
| Defendant. ) | |

WHEREAS, the United States filed a verified complaint on September 8, 2005, for the forfeiture of the defendant property, and this Court found probable cause for such forfeiture and issued a warrant for arrest in rem; and,

WHEREAS, on or about November 8, 2005, the Marshals Service duly executed the warrant for arrest in rem with regard to the defendant property, as shown by the Forms USM-285 filed on November 9, 2005; and,

WHEREAS, claimants Charles Bullard and Arlene Bullard have duly filed claims and an answer herein; and,

WHEREAS, claimants stipulate that there is probable cause for forfeiture of the defendant property and that the United States District Court for the Western District of North Carolina has in rem jurisdiction over the defendant property; and,

WHEREAS, as to all other persons in the world, notice has been given by publication in the King's Mountain Herald, a newspaper of general circulation, on or about September 21, 2006, as shown by the Form USM-285 filed herein on March 15, 2007, and no other claims have been filed; and,

WHEREAS, the parties have agreed to forfeiture of the 2002 truck and to the release of the 1998 truck to claimant Arlene Bullard, upon payment of storage costs in the amount of $3885.70 less $1000.00, for a net payment of $2885.70, by official check payable to the United States Marshals Service, in full settlement of all claims herein; and,

WHEREAS, the consent of claimant Charles L. Bullard to forfeiture as provided herein is shown by his specific consent to forfeiture of both trucks in ¶25 of his plea agreement in the criminal case of <u>United States v. Bellamy, et al.</u>, No. 3:05CR390, and by the resulting preliminary order entered by Judge Conrad in that case on July 24, 2006;

WHEREAS, claimant Arlene Bullard hereby releases and forever discharges the United States, its agents, servants and employees, its successors or assigns, and all state or local governmental entities or law enforcement agencies in North Carolina and their agents, servants and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which claimant or her heirs, successors, or assigns ever had, now have, or may have in the future in connection with this investigation, seizure, detention, and forfeiture; and,

WHEREAS, the parties consent to the United States Magistrate Judge conducting all proceedings, including entry of this Consent Judgment, pursuant to 28 U.S.C. §636(c);

THE COURT FINDS THAT:

    1. A verified complaint for forfeiture <u>in rem</u> of the defendant property was filed on September 8, 2005. This Court found probable cause for forfeiture and issued a warrant for arrest <u>in rem</u>.

    2. Process was fully issued in this action and returned according to law.

    3. The parties have agreed to forfeiture of the defendant 2002 truck and to the release of the defendant 1998 truck to claimant Arlene Bullard, upon payment of storage costs in the amount of $3885.70 less $1000.00, for a net payment of $2885.70, by official check payable to the United States Marshals Service, in full settlement of this case.

    4. The actions taken by the United States were reasonable and proper.

Based on the foregoing findings, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

    1. The defendant 2002 Chevrolet 1500 pickup truck, VIN 1GCEC14T62Z276687, registered to Charles Lamar Bullard, is forfeited to the United States, to be disposed of according to law.

2. The defendant 1998 pickup truck shall be released to claimant Arlene L. Bullard upon payment of $2885.70 by official check payable to the United States Marshals Service.

2. Each party is to bear its own costs of this action, including attorneys fees.

Signed this the 20 day of February, 2008.

_____
UNITED STATES District JUDGE

ON MOTION OF AND WITH CONSENT OF THE PARTIES:

FOR THE UNITED STATES OF AMERICA:

GRETCHEN C. F. SHAPPERT
United States Attorney

By _____  Date: Feb. 14, 2008
WILLIAM A. BRAFFORD
Assistant United States Attorney

_____  Date: 2·7·2008
ARLENE L. BULLARD

_____  Date: 2-11-08
REGGIE B. McKNIGHT
Attorney for Claimants

3